UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CRYSTAL SHOOK | CIVIL ACTION |
| VERSUS | NO. 19-13087 |
| TRANSUNION, INC. and PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY d/b/a FEDLOAN SERVICING | SECTION M (3) |

## ORDER & REASONS

Before the Court is a motion by Pennsylvania Higher Education Assistant Agency d/b/a Fedloan Servicing ("PHEAA") to dismiss plaintiff's claims against it pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure for lack of personal jurisdiction and improper venue.[1] Plaintiff Crystal Shook did not file any opposition, but PHEAA filed a supplemental memorandum in support of its motion to dismiss.[2] Also before the Court is Shook's motion to transfer.[3] PHEAA opposes the motion,[4] and both parties filed reply memoranda in further support of their respective positions.[5] Having considered the parties' memoranda, the record, and the applicable law, the Court finds that Shook's claims against PHEAA should be dismissed for lack of personal jurisdiction and improper venue.

### I. BACKGROUND

This case involves credit reporting on student loans. On February 13, 2019, twelve plaintiffs, including Shook, commenced a lawsuit in this Court against ten different defendants,

---

[1] R. Doc. 3.
[2] R. Doc. 25.
[3] R. Doc. 9. In effect, Shook's motion to transfer conveys her opposition to PHEAA's motion to dismiss.
[4] R. Doc. 13.
[5] R. Docs. 22, 25, 27.

including PHEAA, under the Federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*, alleging that the defendants willfully or negligently violated the FCRA, damaging plaintiffs (the "*Cummings* action").[6] The *Cummings* action was allotted to another section of this Court (Section T, Judge Guidry). All of the plaintiffs in the *Cummings* action asserted a claim against Trans Union LLC ("Trans Union"), as well as at least one of the other defendants.[7] In the complaint, Shook was described as a "citizen of the United States" without further information about her domicile.[8] PHEAA filed a motion to sever plaintiffs' claims in the *Cummings* action, asserting that they were joined improperly and raising issues concerning personal jurisdiction and venue. In response, on April 30, 2019, the plaintiffs filed a voluntary motion to sever their claims, which the Court subsequently granted, while declining to determine whether venue was proper in the Eastern District of Louisiana and instead, allowing PHEAA to challenge venue after the claims had been severed and refiled as separate cases, and those cases randomly allotted among the sections of this Court.[9]

On October 10, 2019, Shook filed an amended complaint commencing this civil action, which was allotted to this section of Court.[10] Shook's amended complaint named Trans Union and PHEAA as defendants.[11] On January 3, 2020, PHEAA filed the instant motion to dismiss this case for lack of personal jurisdiction and improper venue.[12] Thereafter, Shook filed her motion to transfer.[13]

---

[6] *Cummings v. AmeriCredit Fin. Sers., Inc.*, Civil Action No. 19-1377 (E.D. La). The *Cummings* complaint is attached to Shook's amended complaint in this case as R. Doc. 1-1.
[7] R. Doc. 1-1. Trans Union was originally named as TransUnion, Inc.
[8] R. Doc. 1-1 at 2. The allegations of Shook's amended complaint largely repeat those in the *Cummings* complaint. R. Doc. 1 at 2 (where Shook is also described as a "citizen of the United States" without further information about her domicile).
[9] R. Doc. 1-2.
[10] R. Doc. 1.
[11] *Id.* at 2.
[12] R. Doc. 3.
[13] R. Doc. 9.

## II. PENDING MOTIONS

PHEAA argues that Shook's claims should be dismissed for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure and improper venue pursuant to Rule 12(b)(3).[14] PHEAA contends that is not subject to specific or general personal jurisdiction in this Court because neither PHEAA nor Shook resides in Louisiana.[15] PHEAA also argues that venue is improper in this Court because "a substantial part of the events or omissions giving rise to Shook's claims against PHEAA did not occur in this District," and "PHEAA does not reside in this District."[16]

Rather than filing an opposition to PHEAA's motion to dismiss, Shook filed a motion to transfer this case to the Western District of Texas, San Antonio Division, where she is domiciled.[17] Nevertheless, Shook maintains that PHEAA is subject to personal jurisdiction in Louisiana because it does business in Louisiana by servicing loans of Louisiana residents.[18] Shook argues that transfer, rather than dismissal, is more appropriate because her claims may be time barred if she is required to refile her case elsewhere.[19]

PHEAA opposes Shook's motion to transfer arguing that once the claims joined together in *Cummings* had been severed, she had ample opportunity to refile her claim in the correct district and division before any statute of limitations expired, rather than refiling her claim in this district and then seeking a transfer.[20] PHEAA also points out that another judge in this district considering identical motions in one of the other severed cases found that dismissal was appropriate because PHEAA is not subject to personal jurisdiction in this district, and plaintiff had warning that there

---

[14] R. Doc. 3-1 at 1-12.
[15] R. Docs. 3 at 2; 3-1 at 4-10.
[16] R. Docs. 3 at 2; 3-1 at 10-11.
[17] R. Doc. 9 at 1-4.
[18] R. Doc. 27 at 5.
[19] R. Doc. 27 at 8.
[20] R. Doc. 13 at 1-14.

3

were issues with both personal jurisdiction and venue when he decided to refile his case in this district.[21]

### III. LAW & ANALYSIS

#### A. Personal Jurisdiction

Federal Rule of Civil Procedure 12(b)(2) confers a right to dismissal of claims against a defendant where personal jurisdiction is lacking. Personal jurisdiction is "an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (internal quotation omitted). A federal court may exercise personal jurisdiction over a non-resident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over the defendant, and (2) the exercise of personal jurisdiction comports with due process under the United States Constitution. *Electrosource, Inc. v. Horizon Battery Techs., Ltd.*, 176 F.3d 867, 871 (5th Cir. 1999). Louisiana's "long-arm statute authorizes the exercise of personal jurisdiction to the limits of due process." *Choice Healthcare, Inc. v. Kaiser Found. Health Plan of Colo.*, 615 F.3d 364, 365 (5th Cir. 2010). Hence, "the Court need only consider whether the exercise of jurisdiction in this case satisfies federal due process requirements." *Embry v. Hibbard Inshore, LLC*, 2019 WL 2744483, at *2 (E.D. La. July 1, 2019) (citing *Dickson Mar. Inc. v. Panalpina, Inc.*, 179 F.3d 331, 336 (5th Cir. 1999)).

An individual's liberty interest is protected by federal due process through the requirement that individuals have "fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 218 (1977) (Stevens, J., concurring)). For purposes of personal

---

[21] R. Doc. 25 (citing *Brumfield v. TransUnion, Inc.*, 2020 WL 1083598 (E.D. La. Mar. 6, 2020)).

jurisdiction, the due-process inquiry determines whether the defendant has purposefully availed itself of the benefits and protections of the forum state through "minimum contacts" with the forum, and whether the exercise of jurisdiction over the defendant "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Personal jurisdiction may be general or specific. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006). For a court to exercise general jurisdiction, the defendant's contacts with the forum must be "so continuous and systematic" as to render the defendant "at home" in the forum state. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). To exercise specific jurisdiction, a court must determine:

> (1) whether the defendant has minimum contacts with the forum state, *i.e.*, whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Seiferth*, 472 F.3d at 271 (quoting *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002)). Upon establishing the first two factors, the burden then shifts to the defendant to demonstrate that an exercise of personal jurisdiction would be unfair or unreasonable. *Burger King*, 471 U.S. at 477 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)). In determining reasonableness, a court considers "the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief," *Asahi Metal Indus. Co. v. Super. Ct. of Cal.*, 480 U.S. 102, 113 (1987), as well as "the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several

States in furthering fundamental substantive social policies." *World-Wide Volkswagen*, 444 U.S. at 292.

A plaintiff need only present a *prima facie* case of personal jurisdiction when a court rules on a Rule 12(b)(2) motion without an evidentiary hearing. *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008). In resolving personal jurisdiction, the court may review "pleadings, affidavits, interrogatories, depositions, oral testimony, exhibits, any part of the record, and any combination thereof." *Command-Aire Corp. v. Ontario Mech. Sales & Serv. Inc.*, 963 F.2d 90, 95 (5th Cir. 1992) (citing *Stuart v. Spademan*, 772 F.2d 1185 (5th Cir. 1985)). The plaintiff's uncontroverted allegations must be taken as true, and "conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (quoting *D.J. Invs., Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 546 (5th Cir. 1985)). But a court is not required "to credit conclusory allegations, even if uncontroverted." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001).

In another case refiled in this district after the claims were severed in *Cummings*, a different section of this Court granted an identical motion of PHEAA to dismiss for lack of personal jurisdiction. *Brumfield v. TransUnion, Inc.*, 2020 WL 1083598 (E.D. La. Mar. 6, 2020). The court in *Brumfield* described the parties' arguments (which were identical to those made here) and granted PHEAA's motion, reasoning as follows:

> … Brumfield contends that this Court has general jurisdiction over the defendants, but provides no justification for this claim. On the other hand, PHEAA argues that it is subject to neither the Court's specific nor general personal jurisdiction because it has "zero contacts with Louisiana as it relates to Brumfield's claim." Specifically, PHEAA asserts that the Court does not have specific jurisdiction over it because it has not "purposefully avail[ed] itself of the privilege of conducting activities within [Louisiana], thus invoking the benefits and protections of [Louisiana's] laws." PHEAA avers that it did not make any

> purposeful contact with Louisiana with respect to this action, neither Brumfield nor PHEAA reside in Louisiana, and PHEAA resides in Pennsylvania, does not have any offices in Louisiana, and did not outsource any work regarding Brumfield's loan to third parties in Louisiana.
>
> Moreover, PHEAA argues that it is not subject to general jurisdiction in Louisiana either because it is not "at home" in the forum state. *See Thornton v. Florida Marine Transporters, LLC,* 2019 WL 329593, at *2 (E.D. La. Jan. 25, 2019). PHEAA points to the fact that "[c]orporate defendants are generally deemed to be 'at home' for purposes of general jurisdiction only 'in their state of incorporation and the state where their principal place of business is located.'" PHEAA is a "statutorily-created instrumentality of Pennsylvania" with its principal place of business in Pennsylvania. Moreover, PHEAA does not have any offices in Louisiana, has no employees in Louisiana, and although it services student loans in all 50 states, none of the student loans that PHEAA services in Louisiana are at issue in this matter. Therefore, PHEAA asserts that the Court does not have general jurisdiction over it either.
>
> The Court concludes that it does not have personal jurisdiction over PHEAA in this matter. Brumfield has the burden of proof to establish personal jurisdiction, but he has failed to meet this burden. *See Wyatt* [*v. Kaplan*]*,* 686 F.2d [276,] 280 [(5th Cir. 1982)]. Even "prima facie evidence of personal jurisdiction [would be] sufficient," *id.*, but plaintiff has failed to provide any justification for why this Court has personal jurisdiction over PHEAA.

*Brumfield*, 2020 WL 1083598, at *3 (citations to *Brumfield* record omitted).

Because PHEAA's motion in this case is identical to the one filed in *Brumfield*, and because Shook's opposition is substantially the same as Brumfield's, this Court adopts the reasoning of *Brumfield* and grants PHEAA's motion to dismiss for lack of personal jurisdiction. In sum, for purposes of establishing general jurisdiction, PHEAA simply cannot be "at home" in all fifty states where it services loans. *See Daimler*, 571 U.S. at 139 n.20 ("A corporation that operates in many places can scarcely be deemed at home in all of them.").

**B. Venue**

In *Brumfield*, the court also addressed the parties' arguments about venue, which are the same as those made in this Court, as follows:

Because the Court does not have personal jurisdiction over PHEAA, it is within the Court's discretion to dismiss the matter or "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *See* 28 U.S.C. § 1406(a). The Fifth Circuit has concluded that "[i]t is obviously not 'in the interest of justice' to allow [Section 1406] to be used to aid a non-diligent plaintiff who knowingly files a case in the wrong district." *Dubin v. United States*, 380 F.2d 813, 816 n.5 (5th Cir. 1967). This general rule is especially pertinent when a non-diligent plaintiff who filed a case in the wrong venue seeks to avoid a statute of limitations defect through a transfer of venue. *See id.* ("The purpose of the statute of limitations is not, therefore, frustrated by this statute [when a non-diligent plaintiff knowingly files a case in the wrong district]."). Other courts have also concluded that Section 1406 was "not intended to give plaintiffs an end run around the rules of personal jurisdiction and venue, but rather [was] intended to facilitate fairness and result in greater convenience to litigants." *Pedzewick v. Foe*, 963 F. Supp. 48, 51 (D. Mass. 1997). However, "[f]airness and convenience are not furthered by allowing a party purposefully to file in the wrong court, thereby holding open the statute of limitations indefinitely." *Id.*

In this case, Brumfield argues that the case should be transferred to the Western District of Pennsylvania because it would "severely prejudice" him if the case was dismissed rather than transferred. Brumfield explains that there may be "possible statute of limitations issues" that might arise if the case was dismissed without prejudice rather than transferred.

In opposition, PHEAA contends that Brumfield has failed to explain why he filed and then re-filed this action "over 1,100 miles away from home in a court to which he has no connection whatsoever" even though he was warned of the jurisdictional and venue defects of having the case in this District. PHEAA asserts that it is not "in the interest of justice" for this matter to be transferred because Brumfield was not diligent in determining whether this District was a proper venue for his claims in the first place and even after he was put on notice that it might not be the proper venue, he still re-filed his case here rather than conducting minimum diligence that would have shown that Pennsylvania is the proper venue. PHEAA thus argues that Brumfield should not be able to benefit from transferring this case to a proper venue when he used a tactic to "keep the statute of limitations open indefinitely and drive up PHEAA's costs."

The Court concludes that because this is an improper venue for Brumfield's claims against PHEAA and it is not "in the interest of justice" to allow Brumfield to use Section 1406 to file a case in the wrong district and then try to avoid a statute of limitations defect through a transfer of venue. *See Dubin*, 380 F.2d at 816 n.5. Brumfield fails to provide any explanation for why he filed this lawsuit in this District in the first place and moreover, why he re-filed this lawsuit in this District after the claims were severed and Judge Guidry put parties on notice that this venue may be improper for some of their claims. *See* R. Doc. 1-2 at 4 ("The Court finds that severance is appropriate in this case and declines to determine whether venue

is appropriate at this juncture. PHEAA will have the opportunity to challenge venue after the claims have been severed."). The purpose of Section 1406 was to "facilitate fairness and result in greater convenience to litigants," but "[f]airness and convenience are not furthered by allowing a party purposefully to file in the wrong court, thereby holding open the statute of limitations indefinitely," *see Pedzewick*, 963 F. Supp. at 51, as Brumfield appears to have done in this case.

*Brumfield*, 2020 WL 1083598, at *3-4 (citations to *Brumfield* record omitted).

The exact same reasoning applies here. Shook, like Brumfield, was a plaintiff in the *Cummings* action whose claim was refiled in this district once it was severed from the lead claim in *Cummings*. Shook, like Brumfield, refiled in this district after having been warned that venue in this district was not proper. Because Shook did not exercise reasonable diligence when she chose to refile her claim in the wrong venue, transfer is not in the interest of justice, and her motion to transfer is denied. *See Stanifer v. Brannan*, 564 F.3d 455, 459-61 (6th Cir. 2009) (affirming district court decision to dismiss, rather than transfer, even though statute of limitations may run, because it was not in the interest of justice to allow plaintiff to seek transfer to a district he knew was proper in the first place); *Vargo v. D & M Tours, Inc.*, 2020 WL 999793, at *4-5 (N.D. Ohio Mar. 2, 2020) (although plaintiff's claims may be time-barred when subsequently refiled in proper venue, transfer was not in the interest of justice where chosen venue was an obvious and elementary error, not an erroneous guess regarding an elusive fact); *Gage v. Somerset Cty.*, 322 F. Supp. 3d 53, 57-58 (D.D.C. 2018) (dismissal, rather than transfer to proper venue, appropriate where plaintiff "offers no valid grounds for pursuing his suit here in the first place").

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that PHEAA's motion to dismiss (R. Doc. 3) is GRANTED, and Shook's claims against PHEAA are DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Shook's motion to transfer (R. Doc. 9) is DENIED.

New Orleans, Louisiana, this 26th day of March, 2020.

                                                      _____
                                                      BARRY W. ASHE
                                                      UNITED STATES DISTRICT JUDGE